UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| TONYA M. LEWIS ) | |
| ) | |
| v. ) | NO. 2:12-cv-84; 2:09-cr-31(12) |
| ) | *Jordan/Inman* |
| UNITED STATES OF AMERICA ) | |

## **MEMORANDUM and ORDER**

Acting *pro se*, federal inmate Tonya M. Lewis, Prisoner No. 21348-074, filed this motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, advancing three grounds for relief—ineffective assistance of counsel, improper sentence enhancement, and a claim asserted under the Fair Sentencing Act, (Doc. 1059).[1] In a subsequent filing, which was docketed as a motion for the appointment of counsel, (Doc. 1161), petitioner indicates that she intends to litigate only the FSA claim and is withdrawing the other two claims. Those claims are deemed withdrawn and this action will proceed only on the FSA claim.

The United States submitted its initial response, opposing the FSA claim, (Doc. 1078). However, after the Supreme Court issued *Dorsey v. United States*, 132 S. Ct. 2321 (2012) (applying FSA retroactively to pre-FSA offenders sentenced after the FSA's effective date), the United States supplemented that response, withdrawing its previous opposition to the claim; conceding that, under the FSA, petitioner would only have been subject to a 5-year mandatory minimum; and advising that it "does not object to petitioner's

---

[1] All docket number references are to the docket numbers in No. 2:09-cr-31.

request for this Court to reconsider her sentence in light of the FSA," (Doc. 1078 at 3). Accordingly, petitioner's motion will be **GRANTED** and her sentence vacated.

On March 5, 2010, petitioner pled guilty to one count of conspiracy to distribute and possession with the intent to distribute 50 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 846, § 841(a)(1), and § 841(b)(1)((a). The plea agreement contained a stipulation that petitioner was responsible for conspiring to distribute at least 50 grams but not more than 150 grams of crack cocaine.

A presentence investigation report ("PSR") was ordered and the probation officer found petitioner's base offense level to be 30, based on her drug-quantity stipulation. The offense level of 30 was reduced by three levels for acceptance of responsibility for a total offense level of 27. With a criminal history category of II, the resulting guidelines range was 78 to 97 months of imprisonment. The Court recalculated petitioner's guidelines range since her sentence was to be imposed on May 3, 2011. It applied an 18:1 crack-to-powder cocaine ratio, which resulted in a guidelines range of 63 to 78 months. However, since petitioner was subject to a ten-year mandatory minimum for her drug offense, her effective guidelines range became 120 months of imprisonment. On May 3, 2011, the Court sentenced petitioner to a 120-month term of incarceration, [Docs. 925, 929].

Petitioner did not appeal, but instead filed this § 2255 motion on March 9, 2012, and, thereafter, an expedited motion to reduce her sentence under 18 U.S.C. § 3582(c), raising the same FSA-related claim in both motions. The § 3582 request for relief was

denied and petitioner appealed to the Sixth Circuit. *United States v. Lewis*, Sixth Circuit Appeal No. 12-6072.[2] The § 3582 appeal has now been stayed, pending the resolution of the instant § 2255 motion. *Id.*, Order of March 27, 2013.

On August 3, 2010, the President signed into law the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010), which amended 21 U.S.C. § 841 to require larger quantities of crack cocaine to trigger mandatory minimum sentences. As applicable to this case, the FSA increased the threshold for the five-year mandatory minimum sentence from five grams to 28 grams of crack cocaine. At the time of petitioner's sentencing, this Court applied the pre-FSA mandatory minimum because the conduct giving rise to the conviction occurred prior to the enactment of the FSA. *See United States v. Carridine*, 621 F.3d 575, 580 (6th Cir. 2010) (holding that pre-FSA penalties apply to conduct committed prior to the FSA's enactment).

On June 21, 2012, the Supreme Court held in *Dorsey v. United States* that the FSA's "new, lower mandatory minimums apply to the post-Act sentencing of pre-Act offenders." *Dorsey*, 132 S.Ct. at 2335. While petitioner committed her crack cocaine offense prior to the enactment of the FSA, she was sentenced after August 3, 2010. According to the plain language of *Dorsey*, petitioner was not subject to the ten-year mandatory minimum term

---

[2] Sixth Circuit Court of Appeals Internal Web page, Public Docket Sheets, https://ecf.ca6.uscourts.gov/cmecf/servlet/TransportRoom?servlet=CaseSummary.jsp&caseNum=12-6072&incOrigDkt=Y&incDktEntries=Y (last visited June 4, 2013).

3

Case 2:09-cr-00031-RLJ-MCLC Document 1174 Filed 06/12/13 Page 3 of 5 PageID #: 4013

of imprisonment since her case did not involve the required minimum 280 grams of crack cocaine. Instead, petitioner was subject to a five-year minimum mandatory sentence.

In its response, citing to *United States v. Hadden*, 475 F.3d 652, 668-69 (4th Cir. 2007), and *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993), the government suggests that the Court need not conduct "a formal resentencing," but, within the terms of § 2255, merely could correct petitioner's sentence, so long as a more onerous sentence is not imposed. However, the United States also observes that it had no incentive to present any evidence or arguments regarding an appropriate sentence and that a resentencing hearing might be advisable under the circumstances.

The Court agrees that a new sentencing hearing should be conducted. A revised PSR must be prepared and both the government and petitioner must be offered an opportunity to be heard regarding the appropriate sentence. For the reasons set forth herein, petitioner's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255, [Doc. 1059], is **GRANTED**.

An evidentiary hearing to determine the appropriate sentence is **SET** for August 29, 2013, at 1:15 P.M. in Greeneville. The Court anticipates that petitioner will participate in the hearing via videoconferencing from her federal prison, subject to those arrangements being finalized with the Bureau of Prisons. The United States Probation Office will be directed to provide, on an expedited basis, a revised PSR to the parties.

4

There are two additional matters to consider. Petitioner has submitted a motion to expedite a ruling on her § 2255 motion, asking that the documents related to her § 3582(c) proceedings, (Docs. 1097, 1112), be deemed to have been filed also in the instant motion to vacate. The motion is **GRANTED**, (Doc. 1133), and those documents, in which petitioner argues, *inter alia*, that her rehabilitation efforts in prison should be taken into account in determining her new sentence, will be deemed also to have been filed in this motion to vacate. Finally, petitioner's motion for appointment of counsel, (Doc. 1161), is **GRANTED**, and the matter is **REFERRED** to the Honorable Dennis H. Inman, United States Magistrate Judge, for disposition of the request for appointed counsel.

**SO ORDERED**.

**ENTER**:

---
LEON JORDAN
UNITED STATES DISTRICT JUDGE

5